UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

05   10071 NG

LOUIS G. RASETTA and JOHN J. SHAUGHNESSY,
as they are TRUSTEES, INTERNATIONAL UNION
OF OPERATING ENGINEERS LOCAL 4 HEALTH
AND WELFARE, PENSION AND ANNUITY FUNDS,
and LOUIS G. RASETTA and CHRISTOPHER
BARLETTA, as they are TRUSTEES, HOISTING AND
PORTABLE ENGINEERS LOCAL 4 APPRENTICE
AND TRAINING FUNDS and the INTERNATIONAL
UNION OF OPERATING ENGINEERS LOCAL 4,
          Plaintiffs

vs.

CRANE RENTAL CO., INC.,
          Defendant

and

BANKNORTH N.A.,
          Trustee

MAGISTRATE JUDGE_____

C.A. No.

RECEIPT #_____
AMOUNT $ 150
SUMMONS ISSUED
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK
DATE 1/11/05

## COMPLAINT

### NATURE OF ACTION

1.    This is an action brought pursuant to §§502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132(a)(3) and (d)(1) and 1145 and §301 of the Labor Management Relations Act, 29 U.S.C. §185 by employee benefit plans and a labor union to enforce the obligations to make contributions and pay interest due to such plans due under the terms of a collective bargaining agreement and the plans.

## JURISDICTION

2. The Court has exclusive jurisdiction of this action pursuant to §502(a), (e) and (f) of ERISA, 29 U.S.C. §§1132(a), (e) and (f), without respect to the amount in controversy or the citizenship of the parties.

## PARTIES

3. Plaintiffs Louis G. Rasetta and John J. Shaughnessy are Trustees of the International Union of Operating Engineers Local 4 Health and Welfare Fund. The International Union of Operating Engineers Local 4 Health and Welfare Fund is an "employee welfare benefit plan" within the meaning of §3(3) of ERISA, 29 U.S.C. §1002(3). The Fund is administered at 177 Bedford Street, Lexington, Massachusetts, within this judicial district.

4. Plaintiffs Louis G. Rasetta and John J. Shaughnessy are Trustees of the International Union of Operating Engineers Local 4 Pension Fund. The International Union of Operating Engineers Local 4 Pension Fund is an "employee pension benefit plan" within the meaning of §3(2) of ERISA, 29 U.S.C. §1002(2)(A). The Fund is administered at 177 Bedford Street, Lexington, Massachusetts, within this judicial district.

5. Plaintiffs Louis G. Rasetta and John J. Shaughnessy are Trustees of the International Union of Operating Engineers Local 4 Annuity Fund. The International Union of Operating Engineers Local 4 Annuity Fund is an "employee pension benefit plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A). The Fund is administered at 177 Bedford Street, Lexington, Massachusetts, within this judicial district.

6. Plaintiffs Louis G. Rasetta and Christopher Barletta are Trustees of the Hoisting and Portable Engineers Local 4 Apprenticeship and Training Fund. The Hoisting and Portable Engineers Local 4 Apprenticeship and Training Fund is an "employee welfare benefit plan"

within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1). The Fund is administered at One Engineers Way, Canton, Massachusetts, within this judicial district.

7. The Health and Welfare, Pension, Annuity, Apprenticeship and Training Funds are multi-employer plans within the meaning of §3(37) of ERISA, 29 U.S.C. §1002(37). They are hereinafter collectively referred to as "the Funds."

8. The International Union of Operating Engineers Local 4 is a labor organization within the meaning of §301 of the LMRA, 29 U.S. C. §185. The Union is administered at 53 Trotter Drive, Medway, Massachusetts, within this judicial district.

9. Defendant Crane Rental Co., Inc. (hereinafter "Crane" or "the Employer") is a Massachusetts corporation with a principal place of business at 205 Main Street, Tewksbury, Massachusetts, and is an employer engaged in commerce within the meaning of §3(5) and (12) of ERISA, 29 U.S.C. §1002(5) and (12).

10. On information and belief, BankNorth N.A. is a banking institution holding assets of the defendant.

## GENERAL ALLEGATIONS OF FACT

11. On or about August 19, 1987, defendant Crane agreed in writing to be bound to the terms of a collective bargaining agreement with the International Union of Operating Engineers Local 4, effective from October, 2002 through May, 2004 ("the Agreement") and to any successor agreements. A copy of Crane's signed agreement ("Agreement") is attached hereto as Exhibit A.

12. The Agreement requires Crane to make contributions to Plaintiff Funds and to the Social Action Committee, in amounts set forth in the Agreement, for each payroll hour and

3

proportionately for each part of such an hour for each person covered by the Agreement and employed on construction projects on which the Company is engaged.

13. Pursuant to the Agreement, Crane is also obligated to deduct and remit a negotiated percentage of the gross wage package, before taxes, for union dues.

## COUNT I - VIOLATION OF ERISA - DELINQUENT CONTRIBUTIONS AND INTEREST

14. Plaintiffs incorporate by reference each and every allegation set forth in paragraphs 1-13 supra.

15. On or about March 3, 2004 Crane entered into a payment schedule with the Funds to pay the $153,627.69 in contributions and interest that it owed the Funds for the period January through December, 2003 but had failed to pay. According to the schedule, Crane was obligated to pay $1,815.00 per week in addition to all new contributions as they came due.

16. Crane made some but not all payments required by the payment agreement and still owes the Funds $79,091.96 in contributions and interest as a result. In addition, Crane is delinquent for the months of February and August through November, 2004 and owes the Funds an additional $127,635.23 in contributions plus $6,325.81 in interest as a result.

17. By certified letter dated December 22, 2004 the Funds, by their counsel, sought payment of these delinquent contributions and interest.

18. To date, Crane has failed to pay the Funds the contributions and interest that remain due and owing.

19. The failure of Crane to make contributions on behalf of all covered employees as required by the terms of the Funds and the collective bargaining agreements violates §515 of ERISA, 29 U.S.C. §1145.

20. Absent an order from this Court, the defendant will continue to refuse to pay the monies it owes to the Funds, as determined at the audit, and the Funds and their participants will be irreparably damaged.

21. A copy of this Complaint is being served upon the Secretary of Labor and the Secretary of the Treasury by certified mail as required by §502(h) of ERISA, 29 U.S.C. §1132(h).

## COUNT II - VIOLATION OF LMRA
## DUES AND SAC

22. Plaintiffs incorporate by reference each and every allegation set forth in paragraphs 1-21 supra.

23. According to its remittance reports, Crane deducted dues from its employees' paychecks during the period February, 2004 and August through November, 2004 and failed to remit them to the Union. As a result, it owes the Union $5,690.65 in dues for this period.

24. Crane is also obligated under its collective bargaining agreement to make contributions to the SAC Fund. According to its remittance reports, it owes the Union $412.94 in SAC contributions for the periods February, 2004 and August through November, 2004.

25. The failure of Crane to remit the dues it deducted from its employees' wages and to contribute to the SAC Fund as required by the terms of the collective bargaining agreement violates §301 of the Labor Management Relations Act, 29 U.S.C. §185.

## RELIEF REQUESTED

WHEREFORE, Plaintiff Funds requests this Court to grant the following relief:

a. Order the attachment of the machinery, inventory and accounts receivable of defendant Crane;

b.  Enter a preliminary and permanent injunction enjoining Crane from refusing or failing to make contributions and pay interest to Plaintiff Funds and to remit dues and SAC contributions to Plaintiff Union;

c.  Enter judgment on Count I in favor of the Plaintiff Funds in the amount of $206,727.19 in delinquent contributions plus any additional amounts determined by the Court to be owed by Crane or which may become due during the pendency of this action, together with interest on the unpaid contributions at the rate prescribed under §6621 of the Internal Revenue Code, liquidated damages in an amount equal to 20 percent of the total of unpaid contributions or the total interest owed, whichever is greater, reasonable attorneys' fees, and costs, all pursuant to 29 U.S.C. §1132(g)(2);

d.  Enter judgment on Count II in favor of the Plaintiff Union in the amount of $5,690.65 in dues and $412.94 in SAC contributions; and

e.  Such further and other relief as this Court deem appropriate.

Respectfully submitted,

LOUIS G. RASETTA and JOHN J. SHAUGHNESSY, as they are TRUSTEES, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 4 HEALTH AND WELFARE FUND, et al,

By their attorneys,

_____
Anne R. Sills, Esquire
BBO #546576
Gregory A. Geiman, Esquire
BBO #655207
Segal, Roitman & Coleman
11 Beacon Street, Suite #500
Boston, MA 02108
(617) 742-0208

Dated: January 10, 2005
ARS/ars&ts
3118 04-514/complt.doc

AGREEMENT covering wages, working rules, and other conditions of employment entered into between _CRANE RENTAL CO., INC._ and International Union of Operating Engineers Local 4 and its Branches.

1. The Local is recognized as the sole and exclusive representative of the Employees covered by this Agreement for the purpose of collective bargaining with respect to wages, hours of work, and other conditions of employment. The Employer shall not make any agreement in conflict with the provisions of this Agreement.

2. The Employer hereby adopts and agrees to abide by all of the terms and conditions of the collective bargaining agreements now prevailing or as they shall prevail by and between Local 4 and the four Employer Associations hereinafter named.

The Associations are:
   Labor Relations Division of Construction Industries of Mass.
   Associated General Contractors of Massachusetts, Inc.
   Building Trades Employers Association of Boston and Eastern Mass.
   Foundation & Marine Contractors Association of New England, Inc.

3. The Local agrees to comply with all union obligations contained in the aforementioned collective bargaining agreements.

4. The collective bargaining agreements between the Employer Associations and the Local provides, among other things, for contributions to Health and Welfare Funds, Pension Funds, Apprentice and Training Funds, and the Employer agrees to be bound by the terms of the respective Agreements and Declarations of Trust and designates as its representatives on the Boards of Trustees such Trustees as have been designated Employer Trustees in the manner provided in Agreements and Declarations of Trust.

5. This Agreement shall be binding upon the Employer named herein, and its successors and assigns, and no provisions herein contained shall be nullified or affected in any manner as a result of any consolidation, sale, transfer, assignment, joint venture, or any combination or other disposition of the Employer.

6. The life of this Agreement is co-extensive with the several respective terms set out or as they shall be set out from time to time in the aforementioned collective bargaining agreements with the named Associations, and shall continue in effect in each or any particular said contract instance, unless the Employer gives the Local notice of desired change or termination of a particular collective bargaining agreement aforementioned in keeping with the applicable notice provisions contained therein. The Employer acknowledges and agrees to the continuity of Employer obligations on his part with respect to Health and Welfare, Pension, and Apprentice Training trusts contained in said aforementioned collective bargaining agreements pending negotiations of any new agreement by and between the Local and the aforementioned Associations and and/or between the Employer and the Local.

WITNESS OUR HANDS AND SEALS THIS _____ DAY OF _____

| FOR THE EMPLOYER | FOR THE LOCAL |
|---|---|
| CRANE RENTAL CO., INC. | _Charles De Rosa_ |
| Company | Business Manager |
| P O Box 66 | _James T. Griffin_ |
| Address | President |
| Tewksbury,  MA  01876 | _Alice H. Morrell_ |
| City   State   ZIP | Recording Secretary |
| By _[signature]_  Title _Pres._ | BODY ACCEPTS 8/19/87 EXEC BD REC 8/5/87 |

COPY

AGREEMENT COVERING WAGES, WORKING RULES AND OTHER CONDITIONS OF EMPLOYMENT ENTERED INTO BETWEEN:

SEP 14 1966

_Crane Rental Co. Inc._
_205 Main St._
(Street)
_Tewksbury, Mass._
(City)

SEP 21 1966
BODY ACCEPTS

and Hoisting and Portable Engineers, Local No. 4 and its Branches of the International Union of Operating Engineers.

1. The Union is recognized as the sole and exclusive agency and representative of the Employees covered by this Agreement for the purpose of collective bargaining with respect to wages, hours of work, and other conditions of employment, and for the purpose also of other mutual aid and protection. The Employer shall not make any agreement in conflict with the provisions of this Agreement.

2. The Employer hereby adopts and agrees to the collective bargaining Agreements and the Health and Welfare, Pension Plan and Apprentice Training Trust Agreements now prevailing or as they shall prevail by and between Local No. 4 and three Employer Associations hereinafter named for the performance of work and services and rights to Health and Welfare, Pension benefits and Apprentice Training in the various construction operations such Agreements severally apply to.

The Associations are:

Massachusetts Labor Relations Division of New England Road Builders Association.

The Building Trades Employers' Association of the City of Boston and Eastern Massachusetts

New England Marine Chapter of the Associated General Contractors of America

3. The Signatory Employer agrees that as to all work in the craft and territorial jurisdiction of Local No. 4, the provisions of such aforementioned agreements as they do and shall provide for wages, hours of work, holidays, Health and Welfare, Pension benefits, Apprentice Training, manning of operations and other conditions of employment shall apply and will be adhered to.

4. The Employer agrees as to all work and/or contracts assigned, sublet, or sub-contracted out to others, the Employer will contract only with contractors who have or shall have written agreements with the Union.

5. The Union agrees to comply with all Union obligations contained in the aforementioned collective bargaining Agreements.

6. The life of this Agreement is co-extensive with the several respective terms set out or as they shall be set out from time to time in the aforementioned collective bargaining Agreements with the named Associations, and shall continue in effect in each or any particular said contract instance unless the Employer gives the Union notice of desired change or termination of a particular collective bargaining Agreement aforementioned in keeping with applicable notice provisions contained therein. The Employer acknowledge and agrees to the continuity of Employer obligations on his part with respect to Health and Welfare, Pension, and Apprentice Training trusts contained in said aforementioned collective bargaining Agreements pending negotiations of any new agreement by and between the Union and the aforementioned Associations and/or between the Employer and the Union.

Witness our hands and seals this _21st_ day of _September_ 19_66_.

FOR THE EMPLOYER                    FOR THE UNION

_____             _____
                                    President

                                    _____
                                    Recording Secretary

                                    _____
                                    Business Manager

COPY

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) Louis G. Rasetta and John H. Shaughnessy, as they are Trustees, I.U.O.E. Local 4 Health and Welfare Funds, et al vs. Crane Rental Co., Inc.

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___  I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   X    II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
             740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.      for patent, trademark or copyright cases

   ___  III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
             315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
             380, 385, 450, 891.

   ___  IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
             690, 810, 861-865, 870, 871, 875, 900.

   ___  V.   150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(E)).
   N/A

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?   YES ☐  NO ☒

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC 2403)   YES ☐  NO ☒
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?   YES ☐  NO ☐

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC 2284?   YES ☐  NO ☒

7. DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL SECTION OF THE DISTRICT OF MASSACHUSETTS (WORCESTER COUNTY) - (SEE LOCAL RULE 40.1(C)).   YES ☐  NO ☒
   OR IN THE WESTERN SECTION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)? - (SEE LOCAL RULE 40.1(D)).   YES ☐  NO ☒

8. DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN SECTIONS OF THE DISTRICT?   YES ☐  NO ☒
   (a) IF YES, IN WHICH SECTION DOES THE PLAINTIFF RESIDE? _____

9. IN WHICH SECTION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE? N/A

10. IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE
    CENTRAL SECTION: YES ☐ NO ☐   N/A   OR WESTERN SECTION: YES ☐  NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Anne R. Sills
ADDRESS  Segal, Roitman & Coleman, 11 Beacon Street, Suite #500, Boston, MA  02108
TELEPHONE NO.  (617) 742-0208

(Coversheet - 3/97)

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

LOUIS G. RASETTA and JOHN J. SHAUGHNESSY, as they are TRUSTEES, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 4 HEALTH AND WELFARE, PENSION AND ANNUITY FUNDS, and LOUIS G. RASETTA and CHRISTOPHER BARLETTA, as they are TRUSTEES, HOISTING AND PORTABLE ENGINEERS LOCAL 4 APPRENTICE AND TRAINING FUNDS and INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 4,

### DEFENDANTS

Crane Rental Co., Inc.

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Anne R. Sills, Esquire
Segal, Roitman & Coleman
11 Beacon Street, Suite #500
Boston, MA   02108

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability / PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 690 Other | SOCIAL SECURITY | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | LABOR | ☐ 861 HIA 1395ff | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung 923 | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability |  | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW 405(g) | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS |  | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI 405(g) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / HABEAS CORPUS: | ☐ 740 Railway Labor Act | FEDERAL TAX SUITS | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land |  ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |  |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 540 Mandamus & Other |  | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights | ☒ 791 Empl. Ret. Inc Security Act |  | ☐ 890 Other Statutory Actions |
|  | ☐ 555 Prison Condition |  |  |  |

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

This is a claim to collect unpaid benefit fund contributions, brought pursuant to ERISA, 29 U.S.C. Sec. 1132.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint
JURY DEMAND:   ☐ YES   ☐ NO

## VIII. RELATED CASE(S) IF ANY   N/A   (See instructions):

JUDGE _____   DOCKET NUMBER _____

DATE _____

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____