UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

2005 MAR 22  P 3: 04

U.S. DISTRICT COURT
DISTRICT OF MASS

LOUIS G. RASETTA and JOHN J. SHAUGHNESSY,
as they are TRUSTEES, INTERNATIONAL UNION
OF OPERATING ENGINEERS LOCAL 4 HEALTH
AND WELFARE, PENSION AND ANNUITY FUNDS,
and LOUIS G. RASETTA and CHRISTOPHER
BARLETTA, as they are TRUSTEES, HOISTING AND
PORTABLE ENGINEERS LOCAL 4 APPRENTICE
AND TRAINING FUNDS and the INTERNATIONAL
UNION OF OPERATING ENGINEERS LOCAL 4,
    Plaintiffs

vs.

CRANE RENTAL CO., INC.,
    Defendant

and

BANKNORTH N.A.,
    Trustee

C.A. No. 05-10071 NG

### PLAINTIFFS' MOTION FOR RECONSIDERATION OF COURT'S ORDER OF FEBRUARY 23, 2005

Now come the Plaintiffs Louis G. Rasetta and John J. Shaughnessy, as they are Trustees, et al (the "Funds") in the above-entitled matter and move for reconsideration of this honorable Court's Order of February 23, 2005, denying Plaintiffs' Motion for an Ex Parte Order of Attachment by Trustee Process of the bank accounts of defendant Crane Rental Co., Inc. ("Crane").

This motion is made on the following two grounds, each of which is supported by the Funds' previously-filed Complaint, Memorandum in Support of Plainitffs' Ex Parte Motion for

Attachment by Trustee Process, and the Affidavits of James Bucci and Anne R. Sills in support of the Ex Parte Motion.[1] First, under the terms of the collective bargaining agreement to which it is signatory, Crane owes the Funds a sum certain, based upon payroll records, of $206,727.19 in unpaid fringe benefit contributions, $21,085.38 in interest, $21,085.38 in liquidated damages, $991.85 in attorneys' fees and costs, $5,960.65 in Union dues, and $412.94 in contributions to the Union's Social Action Committee. See Affidavit of James Bucci ("Bucci Aff"), attached to the Plaintiffs' Memorandum in Support of Ex Parte Motion for Attachment by Trustee Process, pars. 5-6, 9-11, and Affidavit of Anne R. Sills ("Sills Aff."), attached to the Plaintiffs' Memorandum in Support of Ex Parte Motion for Attachment by Trustee Process. As such, because the amount owed by Crane under the terms of the collective bargaining agreement to which it is signatory is equal to the amount of the attachment requested by the Funds, there is a reasonable likelihood that the Funds will recover judgment in this action under the Employee Retirement Income Security Act of 1974 in the amount of the attachment it has requested.

Second, there is a clear danger that Crane will move assets from its bank account if notified of this Motion. The company has consistently and deliberately avoided its financial obligations with respect to the Funds by failing and refusing to pay the remaining unpaid contributions and by failing and refusing to complete its obligations under the payment agreement into which it had entered with the Funds in March, 2004. In fact, not only did Crane cease paying down the delinquency when it was still $79,091.96 away from meeting its obligations under the payment agreement, but it proceeded to accrue an additional $127,635.23 toward its overall delinquency after the March, 2004 agreement was signed. Bucci Aff., pars. 5-6. Both the Funds and Funds' counsel sent letters to Crane notifying the company of this new

---

[1] The aforementioned documents are attached to this Motion for the Court's reference.

delinquency and seeking payment, but these letters were ignored. Bucci Aff., pars. 7-8. Crane's conduct is quite indicative of a debtor who is deliberately avoiding its financial obligations, and who will continue to do so if notified of the Funds' attempt to reach its assets.

It is with this history in mind that Plaintiffs respectfully request that this honorable Court reconsider its Order and that the Funds be allowed to reach and attach Crane's bank accounts. It has been the experience of Funds' counsel that the granting of Ex Parte Motions for Attachment by Trustee Process has been a successful means – and often the sole means – by which to bring companies to the settlement table in suits regarding unpaid contributions. See Affidavit of Gregory A. Geiman ("Geiman Aff."), par. 3. It has also been, in far too many cases, the only source of money that the Funds receive toward a large delinquency such as the one at hand. Geiman Aff., par. 4. Perhaps having recognized the benefits of ex parte attachments in cases such as this in the past, this honorable Court has granted Motions for Ex Parte Attachment by Trustee Process by the Funds in at least five separate cases since 2000. Geiman Aff., par. 5.

WHEREFORE, Plaintiffs respectfully move that this honorable Court reconsider its Order of February 23, 2005, denying Plaintiffs' Motion for an Ex Parte Order of Attachment by Trustee Process of the bank accounts of defendant Crane Rental Co., Inc. ("Crane").

Respectfully submitted,

LOUIS G. RASETTA and JOHN J. SHAUGHNESSY, as they are TRUSTEES, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 4 HEALTH AND WELFARE FUND, et al,

By their attorneys,

/s/ Anne A. Sills
Anne R. Sills, Esquire

              BBO #546576
              Gregory A. Geiman, Esquire
              BBO #655207
              Segal, Roitman & Coleman
              11 Beacon Street
              Suite #500
              Boston, MA 02108
              (617) 742-0208

Dated: March 21, 2005

GAG/gag&ts
ARS 3118 04-514/motreconord.doc

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LOUIS G. RASETTA and JOHN J. SHAUGHNESSY, as they are TRUSTEES, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 4 HEALTH AND WELFARE, PENSION AND ANNUITY FUNDS, and LOUIS G. RASETTA and CHRISTOPHER BARLETTA, as they are TRUSTEES, HOISTING AND PORTABLE ENGINEERS LOCAL 4 APPRENTICE AND TRAINING FUNDS and the INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 4, <br> Plaintiffs <br><br> vs. <br><br> CRANE RENTAL CO., INC., <br> Defendant <br><br> and <br><br> BANKNORTH N.A., <br> Trustee | C.A. No. 05-10071 NG |

## MEMORANDUM IN SUPPORT OF EX PARTE MOTION FOR ATTACHMENT BY TRUSTEE PROCESS

This is an action to enforce the terms of a collective bargaining agreement and the terms of employee benefit plans.

Pursuant to Rule 64, Fed.R.Civ.P., M.G.L. c. 246, and Rule 4.2(g) Mass.R.Civ.P., plaintiffs Louis G. Rasetta and John J. Shaughnessy, as they are Trustees, et al, are entitled to an *ex parte* prejudgment attachment if they can demonstrate that they are likely to recover judgment in an amount equal to or greater than the amount of the attachment requested and if the defendant is likely to dissipate or transfer the assets. For the reasons stated below, plaintiffs have satisfied

the requirements for an Ex Parte Order of Attachment by Trustee Process of the bank account of Crane Rental Co., Inc. ("Crane") currently held by BankNorth N.A.

I. **THERE IS A REASONABLE LIKELIHOOD PLAINTIFFS WILL RECOVER JUDGMENT.**

On or about August 19, 1987, defendant Crane agreed in writing to be bound to the terms of a collective bargaining agreement with the International Union of Operating Engineers Local 4, effective from October, 2002 through May, 2004 ("the Agreement") and to any successor agreements. See Complaint, par. 11; Affidavit of James Bucci ("Bucci Aff."), par. 2. The Agreement requires Crane to make contributions to Plaintiff Funds and to the Social Action Committee ("SAC"), in amounts set forth in the Agreement, for each payroll hour and proportionately for each part of such an hour for each person covered by the Agreement and employed on construction projects on which the Company is engaged. Bucci Aff., par. 3. Pursuant to the Agreement, Crane is also obligated to deduct and remit a negotiated percentage of the gross wage package, before taxes, for union dues. Id.

On or about March 3, 2004, Crane entered into a payment schedule with the Funds to pay the $153,627.69 in contributions and interest that it owed the Funds for the period January through December, 2003 but had failed to pay. Bucci Aff., par. 4. According to the schedule, Crane was obligated to pay $1,815.00 per week in addition to all new contributions as they came due. Id. Crane made some of the payments required by the payment agreement but still owes the Funds $79,091.96 in contributions for the period January through December, 2003. Bucci Aff., par. 5. In addition, Crane subsequently became delinquent for the months of February and August through November, 2004 and owes the Funds an additional $127,635.23 in contributions as a result. Bucci Aff., par. 6. The Funds have sent letters notifying Crane of this delinquency,

and their counsel sent Crane a certified letter dated December 22, 2004 that sought payment of the delinquent contributions and interest. Bucci Aff., par. 7. However, to date, Crane has failed to pay the Funds the contributions and interest that remain due and owing. Bucci Aff., par. 8.

Further, according to its remittance reports, Crane deducted dues from its employees' paychecks during the period February, 2004 and August through November, 2004 and failed to remit them to the Union. As a result, it owes the Union $5,690.65 in dues for this period. Bucci Aff., par. 9. Crane is also obligated under the Agreement to make contributions to the SAC Fund. According to its remittance reports, it owes the Union $412.94 in SAC contributions for the periods February, 2004 and August through November, 2004. Bucci Aff., par. 10.

Section 502 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1132, provides that in any action brought to enforce §1145 of ERISA, the Court shall award the Plan the unpaid contributions, interest on the unpaid contributions, an amount equal to the greater of the interest on the unpaid contributions or liquidated damages provided for under the Plan, reasonable attorneys' fees and costs, and such other legal or equitable action as the Court deems appropriate. If the $206,727.19 in unpaid fringe benefit contributions owed by Crane had been paid by December 31, 2004, the Company would owe the Funds $21,085.38 in interest thereon. Bucci Aff., par. 11. Liquidated damages of at least $21,085.38 are also due under the terms of the Agreement. Finally, Crane owes at least $836.00 in attorney's fees and $155.85 in costs. See Affidavit of Anne R. Sills.

Thus, in total, the evidence is sufficient to find that Crane is liable for $206,727.19 in unpaid contributions, $21,085.38 in interest on unpaid contributions, $21,085.38 in liquidated damages, and $991.85 in attorneys' fees and costs. Further, Crane is liable for $5,690.65 in unpaid dues and $412.94 in unpaid SAC Fund contributions.

There is a reasonable likelihood that plaintiffs will prevail in this action.

## II. THERE IS A CLEAR DANGER THAT IF NOTIFIED IN ADVANCE OF THE ATTACHMENT, DEFENDANT WILL TRANSFER THE ASSETS.

Despite repeated demands, including one as recently as December 22, 2004, Crane has failed and refused to pay the Funds the remaining unpaid benefit fund contributions. Further, Crane failed and refused to complete its obligations under the payment agreement into which it had entered with the Funds in March, 2004. This conduct is indicative of a debtor who is deliberately avoiding its financial obligations. Thus, there is a clear danger that defendant will withdraw, conceal and/or dissipate its bank account assets if notified of this motion.

## III. PLAINTIFFS NEED NOT POST A BOND UNDER M.G.L. c. 246, §1.

No bond need be filed in an action for trustee process where the Complaint states that the action is _inter alia_ for money due under a contract in writing. M.G.L. c. 246, §1. The unpaid contributions, interest, damages, attorneys' fees and costs sought in this action are all due under the terms of defendant's collective bargaining agreement with the Union. Complaint, Exhibit B; Certificate re Trustee Process. As the Complaint seeks money due under the terms of a contract in writing, no bond is required.

## IV. CONCLUSION

For the foregoing reasons, plaintiffs request that this Court allow their Ex Parte Motion for Attachment by Trustee Process.

Respectfully submitted,

LOUIS G. RASETTA and JOHN J.
SHAUGHNESSY, as they are TRUSTEES,
INTERNATIONAL UNION OF
OPERATING ENGINEERS LOCAL 4
HEALTH AND WELFARE FUND, et al,

By their attorneys,

*/s/ Gregory A. Geiman*
Anne R. Sills, Esquire
BBO #546576
Gregory A. Geiman, Esquire
BBO #655207
Segal, Roitman & Coleman
11 Beacon Street
Suite #500
Boston, MA 02108
(617) 742-0208

Dated: February 8, 2005

GAG/gag&ts
ARS 3118 04-514/memexpmo.doc

5

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LOUIS G. RASETTA and JOHN J. SHAUGHNESSY, as they are TRUSTEES, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 4 HEALTH AND WELFARE, PENSION AND ANNUITY FUNDS, and LOUIS G. RASETTA and CHRISTOPHER BARLETTA, as they are TRUSTEES, HOISTING AND PORTABLE ENGINEERS LOCAL 4 APPRENTICE AND TRAINING FUNDS and the INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 4, Plaintiffs<br><br>vs.<br><br>CRANE RENTAL CO., INC., Defendant<br><br>and<br><br>BANKNORTH N.A., Trustee | C.A. No. 05-10071 NG |

## AFFIDAVIT OF JAMES BUCCI

1. My name is James Bucci. I am the Field Agent for the International Union of Operating Engineers Employee Benefit Funds ("Funds"). In my capacity as Field Agent, I audit the books and records of, and collect fringe benefit contributions owed by, contractors that are signatory to collective bargaining agreements with the International Union of Operating Engineers Local 4 ("Union").

2. On or about August 19, 1987, defendant Crane Rental Co., Inc. ("Crane") agreed in writing to be bound to the terms of a collective bargaining agreement with the International

Union of Operating Engineers Local 4, effective from October, 2002 through May, 2004 ("the Agreement") and to any successor agreements.

3. The Agreement requires Crane to make contributions to Plaintiff Funds and to the Social Action Committee ("SAC"), in amounts set forth in the Agreement, for each payroll hour and proportionately for each part of such an hour for each person covered by the Agreement and employed on construction projects on which the Company is engaged. Pursuant to the Agreement, Crane is also obligated to deduct and remit a negotiated percentage of the gross wage package, before taxes, for union dues.

4. On or about March 3, 2004, Crane entered into a payment schedule with the Funds to pay the $153,627.69 in contributions and interest that it owed the Funds for the period January through December, 2003 but had failed to pay. According to the schedule, Crane was obligated to pay $1,815.00 per week in addition to all new contributions as they came due.

5. Crane made some of the payments required by the payment agreement but still owes the Funds $79,091.96 in contributions for the period January through December, 2003.

6. In addition, Crane became delinquent for the months of February and August through November, 2004 and owes the Funds an additional $127,635.23 in contributions as a result.

7. The Funds' attorney sent Crane a certified letter dated December 22, 2004 that sought payment of these delinquent contributions and interest. Further, the Funds sent letters dated December 28, 2004 and January 10, 2005 notifying Crane of its delinquency.

8. To date, Crane has failed to pay the Funds the contributions and interest that remain due and owing.

9. According to its remittance reports, Crane deducted dues from its employees' paychecks during the period February, 2004 and August through November, 2004 and failed to remit them to the Union. As a result, it owes the Union $5,690.65 in dues for this period.

10. Crane is also obligated under the Agreement to make contributions to the SAC Fund. According to its remittance reports, it owes the Union $412.94 in SAC contributions for the periods February, 2004 and August through November, 2004.

11. If the $206,727.19 in unpaid fringe benefit contributions owed by Crane had been paid by December 31, 2004, the company would owe the Funds $21,085.38 in interest thereon.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 3RD DAY OF FEBRUARY, 2005.

James Bucci

ARS/gag&ts
3118 04-514/affbucci.doc

3

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LOUIS G. RASETTA and JOHN J. SHAUGHNESSY, as they are TRUSTEES, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 4 HEALTH AND WELFARE, PENSION AND ANNUITY FUNDS, and LOUIS G. RASETTA and CHRISTOPHER BARLETTA, as they are TRUSTEES, HOISTING AND PORTABLE ENGINEERS LOCAL 4 APPRENTICE AND TRAINING FUNDS and the INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 4, Plaintiffs<br><br>vs.<br><br>CRANE RENTAL CO., INC., Defendant<br><br>and<br><br>BANKNORTH N.A., Trustee | C.A. No. 05-10071 NG |

## AFFIDAVIT OF ANNE R. SILLS

1. My name is Anne R. Sills. I am an attorney with the law firm of Segal, Roitman & Coleman.

2. This firm has been involved in efforts to collect contributions owed the International Union of Operating Engineers Employee Benefit Funds by Crane Rental Co, Inc. since on or about December 3, 2004. Since that date, we have incurred legal fees of $836.00 and costs of $155.85.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS _5th_ DAY OF FEBRUARY, 2005.

_Anne R. Sills_
Anne R. Sills, Esquire

GAG/gag&ts
ARS 3118 04-514/affsills.doc