UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LOUIS G. RASETTA and JOHN J. SHAUGHNESSY, as they are TRUSTEES, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 4 HEALTH AND WELFARE, PENSION AND ANNUITY FUNDS, and LOUIS G. RASETTA and CHRISTOPHER BARLETTA, as they are TRUSTEES, HOISTING AND PORTABLE ENGINEERS LOCAL 4 APPRENTICE AND TRAINING FUNDS and the INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 4, Plaintiffs<br><br>vs.<br><br>CRANE RENTAL CO., INC., Defendant<br><br>and<br><br>BANKNORTH N.A., Trustee | C.A. No. 05-10071 NG |

## MEMORANDUM IN SUPPORT OF MOTION FOR ATTACHMENT OF PERSONAL PROPERTY OF DEFENDANT

This is an action to enforce the terms of a collective bargaining agreement and the terms of employee benefit plans.

Pursuant to Rule 64, Fed.R.Civ.P., M.G.L. c. 223, and Rule 4.1 Mass.R.Civ.P., Plaintiffs Louis G. Rasetta and John J. Shaughnessy, as they are Trustees, et al, are entitled to an attachment of the Defendant's personal property if they can demonstrate that they are reasonably likely to recover judgment in an amount equal to or greater than the amount of the attachment over and above any liability insurance shown by the Defendant to be available to satisfy the

judgment. See International Ass'n of Bridge, Structural and Ornamental Iron Workers, Shopmen's Local Union 501 v. Burtman Iron Works, Inc., 164 F.R.D. 305, 306 (D.Mass. 1995). For the reasons stated below, Plaintiffs have satisfied the requirements for an Order of Attachment of the personal property of Crane Rental Co., Inc. ("Crane"). Specifically, Plaintiffs seek the attachment of the following property, owned by the company and utilized for business purposes:

### Motor Vehicles

1. 1988 Chevrolet Truck S10 2WD ½ ton regular cab (VIN 1GCBS14E8J2157666)
2. 1997 Chevrolet Truck S10 Base Model/LS/Regular Cab (MA 626630)
3. 1999 GMC Yukon Denali/SLE/SLT/Sierra (MA PEI63)
4. 1985 Chevrolet Astro Base Model (MA 254765)
5. 1989 Chevrolet Truck S10 2WD ½ ton regular cab (MA C83163)

### Cranes

6. Grove TMS300/ Serial #70204 (owner/contractor plate 692C)
7. Linkbelt HC-218A/ Serial #18H6-379B (owner/contractor plate 692B)
8. Grove/ Serial #5100-9006
9. Grove AT400 (owner/contractor plate 692D)
10. Grove S210 (owner/contractor plate 692H)

See Affidavit of Anne R. Sills ("Sills Aff."), par. 3; Affidavit of James Bucci ("Bucci Aff."), par. 2.

I. **PLAINTIFFS HAVE DEMONSTRATED A REASONABLE LIKELIHOOD OF PREVAILING ON THE MERITS OF THEIR CLAIMS AGAINST THE DEFENDANT.**

On or about August 19, 1987, defendant Crane agreed in writing to be bound to the terms of a collective bargaining agreement with the International Union of Operating Engineers Local 4, effective from October, 2002 through May, 2004 ("the Agreement") and to any successor agreements. See Complaint, par. 11; Bucci Aff., par. 3. The Agreement requires Crane to make contributions to Plaintiff Funds and to the Social Action Committee ("SAC"), in amounts set

2

forth in the Agreement, for each payroll hour and proportionately for each part of such an hour for each person covered by the Agreement and employed on construction projects on which the Company is engaged. Bucci Aff., par. 4. Pursuant to the Agreement, Crane is also obligated to deduct and remit a negotiated percentage of the gross wage package, before taxes, for union dues. Id.

On or about March 3, 2004, Crane entered into a payment schedule with the Funds to pay the $153,627.69 in contributions and interest that it owed the Funds for the period January through December, 2003 but had failed to pay. Bucci Aff., par. 5. According to the schedule, Crane was obligated to pay $1,815.00 per week in addition to all new contributions as they came due. Id. Crane made some of the payments required by the payment agreement but failed to abide by the terms of the payment schedule. Bucci Aff., par. 6. In fact, Crane missed many weeks at a time and failed to make any payments at all for the months of September and October, 2004 and December, 2004 through the present, with the exception of one minimal March, 2005 payment. Id. As such, Crane still owes the Funds $75,461.96 in contributions for the year 2003. Id. In addition, Crane subsequently became delinquent for work done during the year 2004 and owes the Funds an additional $116,064.88 in contributions as a result. Bucci Aff., par. 7. The Funds have sent letters notifying Crane of this delinquency, and their counsel sent Crane a certified letter dated December 22, 2004 that sought payment of the delinquent contributions and interest. Bucci Aff., par. 8. However, to date, Crane has failed to pay the Funds the contributions and interest that remain due and owing. Bucci Aff., par. 9.

Further, according to its remittance reports, Crane deducted dues from its employees' paychecks during the period February, 2004 and August through December, 2004 and failed to remit them to the Union. As a result, it owes the Union $5,690.65 in dues for this period. Bucci

Aff., par. 10. Crane is also obligated under the Agreement to make contributions to the SAC Fund. According to its remittance reports, it owes the Union $412.94 in SAC contributions for the periods February, 2004 and August through December, 2004. Bucci Aff., par. 11.

## II.  PLAINTIFFS ARE LIKELY TO RECOVER AN AMOUNT GREATER THAN THE AMOUNT OF THE ATTACHMENT THEY SEEK.

Section 502 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1132, provides that in any action brought to enforce §1145 of ERISA, the Court shall award the Plan the unpaid contributions, interest on the unpaid contributions, an amount equal to the greater of the interest on the unpaid contributions or liquidated damages provided for under the Plan, reasonable attorneys' fees and costs, and such other legal or equitable action as the Court deems appropriate. If the $191,526.84 in unpaid fringe benefit contributions owed by Crane had been paid by the end of 2004, the company would owe the Funds $21,085.38 in interest thereon. Bucci Aff., par. 12. As the Agreement is silent on liquidated damages, an amount equal to the interest owed on the unpaid contributions, at least $21,085.38, is also owed as liquidated damages. Finally, Crane owes at least $1,236.00 in attorney's fees and $155.85 in costs. Sills Aff., par. 2.

Thus, in total, the evidence is sufficient to find that Crane is liable for $191,526.84 in unpaid contributions through 2004, plus an as yet unliquidated amount in contributions owed thereafter, $21,085.38 in interest on unpaid contributions, $21,085.38 in liquidated damages, and $1,391.85 in attorneys' fees and costs. Further, Crane is liable for $5,690.65 in unpaid dues and $412.94 in unpaid SAC Fund contributions.

4

### III. DEFENDANT HAS INSUFFICIENT INSURANCE TO COVER PLAINTIFFS' CLAIMS.

As this is a contract claim, insurance would generally not be available to the Defendant and an attachment of Crane's property is therefore allowable. In any event, the burden is on the Defendant to show the existence of liability insurance to satisfy a prospective judgment. Johnson v. Harris, 1991 WL 226331, *2 (D.Mass. 1991).

### IV. CONCLUSION

For the foregoing reasons, Plaintiffs request that this Court allow their Motion for Attachment of Personal Property of the Defendant.

Respectfully submitted,

LOUIS G. RASETTA and JOHN J.
SHAUGHNESSY, as they are TRUSTEES,
INTERNATIONAL UNION OF
OPERATING ENGINEERS LOCAL 4
HEALTH AND WELFARE FUND, et al,

By their attorneys,

_____
Anne R. Sills, Esquire
BBO #546576
Gregory A. Geiman, Esquire
BBO #655207
Segal, Roitman & Coleman
11 Beacon Street, Suite #500
Boston, MA  02108
(617) 742-0208

Dated: May 9, 2005

### CERTIFICATE OF SERVICE

This is to certify that a copy of the above Plaintiffs' Memorandum in Support of Motion for Attachment of Personal Property of Defendant has been served by first class mail upon attorney Michael B. Feinman at Feinman Law Offices, 23 Main Street, Andover, MA 01810 this 9th day of May, 2005.

_____
Gregory A. Geiman

GAG/gag&ts
ARS 3118 04-514/memattach-persprop.doc

5

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LOUIS G. RASETTA and JOHN J. SHAUGHNESSY, as they are TRUSTEES, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 4 HEALTH AND WELFARE, PENSION AND ANNUITY FUNDS, and LOUIS G. RASETTA and CHRISTOPHER BARLETTA, as they are TRUSTEES, HOISTING AND PORTABLE ENGINEERS LOCAL 4 APPRENTICE AND TRAINING FUNDS and the INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 4, Plaintiffs<br><br>vs.<br><br>CRANE RENTAL CO., INC., Defendant<br><br>and<br><br>BANKNORTH N.A., Trustee | C.A. No. 05-10071 NG |

## FINDING AND ORDER OF APPROVAL OF ATTACHMENT

This cause came on to be heard after notice and opportunity to be heard and upon a motion for approval of attachment, and upon consideration thereof this Court hereby finds that there is a reasonable likelihood that the Plaintiffs will recover judgment, including estimated interest, statutory liquidated damages, attorneys' fees, and costs, in an amount equal to or greater than the amount of the attachment approved herein over and above any liability insurance shown by the Defendant to be available to satisfy the judgment.

2

WHEREUPON this Court hereby approves attachment in the amount of $241,193.04.

_____          _____
Date                                     Honorable Nancy Gertner
                                         United States District Judge

GAG/gag&ts
ARS 3118 04-514/find&ord-attach.doc

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LOUIS G. RASETTA and JOHN J. SHAUGHNESSY, as they are TRUSTEES, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 4 HEALTH AND WELFARE, PENSION AND ANNUITY FUNDS, and LOUIS G. RASETTA and CHRISTOPHER BARLETTA, as they are TRUSTEES, HOISTING AND PORTABLE ENGINEERS LOCAL 4 APPRENTICE AND TRAINING FUNDS and the INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 4, Plaintiffs<br><br>vs.<br><br>CRANE RENTAL CO., INC., Defendant<br><br>and<br><br>BANKNORTH N.A., Trustee | C.A. No. 05-10071 NG |

## WRIT OF ATTACHMENT

To the United States Marshal of the District of Massachusetts or either of his Deputies,

and to _____, Process Server appointed by the Court;

GREETINGS:

In an action filed in this Court on January 10, 2005 in which the Plaintiffs are Louis G. Rasetta and John J. Shaughnessy, as they are Trustees, et al, whose attorney is Gregory A. Geiman of Segal, Roitman, and Coleman of 11 Beacon Street, Suite #500, Boston, Massachusetts, we command you to attach the personal property of the Defendant Crane Rental

2

Co., Inc. in accordance with the following directions and/or limitations (if any): to the value of $241,193.04 and make due return of this writ with your doings thereon into said Court.

This attachment was approved on May _____, 2005 by the Honorable Nancy Gertner in the amount of $241,193.04.

Dated at Boston, Massachusetts this _____ day of May, 2005.

_____
Honorable Nancy Gertner
United States District Judge

GAG/gag&ts
ARS 3118 04-514/writattach.doc

2

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LOUIS G. RASETTA and JOHN J. SHAUGHNESSY,
as they are TRUSTEES, INTERNATIONAL UNION
OF OPERATING ENGINEERS LOCAL 4 HEALTH
AND WELFARE, PENSION AND ANNUITY FUNDS,
and LOUIS G. RASETTA and CHRISTOPHER
BARLETTA, as they are TRUSTEES, HOISTING AND
PORTABLE ENGINEERS LOCAL 4 APPRENTICE
AND TRAINING FUNDS and the INTERNATIONAL
UNION OF OPERATING ENGINEERS LOCAL 4,
Plaintiffs

vs.

CRANE RENTAL CO., INC.,
Defendant

and

BANKNORTH N.A.,
Trustee

C.A. No. 05-10071 NG

### AFFIDAVIT OF JAMES BUCCI

1. My name is James Bucci. I am the Field Agent for the International Union of Operating Engineers Employee Benefit Funds ("Funds"). In my capacity as Field Agent, I audit the books and records of, and collect fringe benefit contributions owed by, contractors that are signatory to collective bargaining agreements with the International Union of Operating Engineers Local 4 ("Union").

2. On or about April 12, 2005, a Union business agent witnessed the following cranes being operated at a job site by Crane Rental Co., Inc. ("Crane") employees; upon information and belief, the cranes are owned by Crane and used solely for business purposes: (a)

Grove TMS300/ Serial #70204 (owner/contractor plate 692C); (b) Linkbelt HC-218A/ Serial #18H6-379B (owner/contractor plate 692B); (c) Grove/ Serial #5100-9006; (d) Grove AT400 (owner/contractor plate 692D); and (e) Grove S210 (owner/contractor plate 692H).

3. On or about August 19, 1987, defendant Crane Rental Co., Inc. ("Crane") agreed in writing to be bound to the terms of a collective bargaining agreement with the International Union of Operating Engineers Local 4, effective from October, 2002 through May, 2004 ("the Agreement") and to any successor agreements.

4. The Agreement requires Crane to make contributions to Plaintiff Funds and to the Social Action Committee ("SAC"), in amounts set forth in the Agreement, for each payroll hour and proportionately for each part of such an hour for each person covered by the Agreement and employed on construction projects on which the Company is engaged. Pursuant to the Agreement, Crane is also obligated to deduct and remit a negotiated percentage of the gross wage package, before taxes, for union dues.

5. On or about March 3, 2004, Crane entered into a payment schedule with the Funds to pay the $153,627.69 in contributions and interest that it owed the Funds for the period January through December, 2003 but had failed to pay. According to the schedule, Crane was obligated to pay $1,815.00 per week in addition to all new contributions as they came due.

6. Crane made some of the payments required by the payment agreement but failed to abide by the terms of the payment schedule. In fact, Crane missed many weeks at a time and failed to make any payments at all for the months of September and October, 2004 and December, 2004 through the present, with the exception of one minimal March, 2005 payment. As such, Crane still owes the Funds $75,461.96 in contributions for the period January through December, 2003. The amount owed is lower than that given in my February 3, 2005 Affidavit in

2

Support of Plaintiffs' Motion for an Ex Parte Order of Attachment by Trustee Process because of the March, 2005 payment.

7. In addition, Crane became delinquent for the year 2004 and owes the Funds an additional $116,064.88 in contributions as a result. The amount owed is lower than that given in my February 3, 2005 Affidavit in Support of Plaintiffs' Motion for an Ex Parte Order of Attachment by Trustee Process because of payments made by Crane in November, 2004 that were not recorded at the time of my previous Affidavit.

8. The Funds' attorney sent Crane a certified letter dated December 22, 2004 that sought payment of these delinquent contributions and interest. Further, the Funds sent letters dated December 28, 2004 and January 10, 2005 notifying Crane of its delinquency.

9. To date, Crane has failed to pay the Funds the contributions and interest that remain due and owing.

10. According to its remittance reports, Crane deducted dues from its employees' paychecks during the period February, 2004 and August through December, 2004 and failed to remit them to the Union. As a result, it owes the Union $5,690.65 in dues for this period.

11. Crane is also obligated under the Agreement to make contributions to the SAC Fund. According to its remittance reports, it owes the Union $412.94 in SAC contributions for the periods February, 2004 and August through December, 2004.

12. If the $191,526.84 in unpaid fringe benefit contributions owed by Crane had been paid by the end of 2004, the company would owe the Funds $21,085.38 in interest thereon.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 14th DAY OF APRIL, 2005.

_____
James Bucci

## CERTIFICATE OF SERVICE

This is to certify that a copy of the above Affidavit has been served by first class mail upon attorney Michael B. Feinman. at Feinman Law Offices, 23 Main Street, Andover, MA 01810 this 9th day of April, 2005.

_____
Gregory A. Geiman, Esquire

GAG/gagdrs
ARS 3118 04-S14/affbucci2.doc

4

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LOUIS G. RASETTA and JOHN J. SHAUGHNESSY, as they are TRUSTEES, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 4 HEALTH AND WELFARE, PENSION AND ANNUITY FUNDS, and LOUIS G. RASETTA and CHRISTOPHER BARLETTA, as they are TRUSTEES, HOISTING AND PORTABLE ENGINEERS LOCAL 4 APPRENTICE AND TRAINING FUNDS and the INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 4, Plaintiffs<br><br>vs.<br><br>CRANE RENTAL CO., INC., Defendant<br><br>and<br><br>BANKNORTH N.A., Trustee | C.A. No. 05-10071 NG |

### AFFIDAVIT OF ANNE R. SILLS

1.  My name is Anne R. Sills. I am an attorney with the law firm of Segal, Roitman & Coleman.

2.  This firm has been involved in efforts to collect contributions owed the International Union of Operating Engineers Employee Benefit Funds by Crane Rental Co., Inc. ("Crane") since on or about December 3, 2004. Since that date, we have incurred legal fees of $1,236.00 and costs of $155.85.

3.  A review of the Defendant's assets by this office uncovered the following motor vehicles which are, upon information and belief, owned by Crane and used solely for business

purposes: (a) 1988 Chevrolet Truck S10 2WD ½ ton regular cab (VIN 1GCBS14E8J2157666); (b) 1997 Chevrolet Truck S10 Base Model/LS/Regular Cab (MA 626630); (c) 1999 GMC Yukon Denali/SLE/SLT/Sierra (MA PEI63); (d) 1985 Chevrolet Astro Base Model (MA 254765); and (e) 1989 Chevrolet Truck S10 2WD ½ ton regular cab (MA C83163).

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 9th DAY OF MAY, 2005.

_____
Anne R. Sills, Esquire


### CERTIFICATE OF SERVICE

This is to certify that a copy of the above Affidavit has been served by first class mail upon attorney Michael B. Feinman at Feinman Law Offices, 23 Main Street, Andover, MA 01810 this 9th day of May, 2005.

_____
Gregory A. Geiman, Esquire

GAG/gag&ts
ARS 3118 04-514/affsills2.doc