UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LOUIS G. RASETTA and JOHN J. SHAUGHNESSY, as they are TRUSTEES, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 4 HEALTH AND WELFARE, PENSION AND ANNUITY FUNDS, and LOUIS G. RASETTA and CHRISTOPHER BARLETTA, as they are TRUSTEES, HOISTING AND PORTABLE ENGINEERS LOCAL 4 APPRENTICE AND TRAINING FUNDS and the INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 4,<br>Plaintiffs<br><br>vs.<br><br>CRANE RENTAL CO., INC.,<br>Defendant<br><br>and<br><br>BANKNORTH N.A.,<br>Trustee | C.A. No. 05-10071 NG |

## PLAINTIFFS' MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

Pursuant to Federal Rule of Civil Procedure 15(a), Plaintiffs move for leave to file an amended complaint, and show:

1. Plaintiffs filed a complaint against Defendant Crane Rental Co., Inc. ("Crane Rental") on January 10, 2005 seeking payment of fringe benefit contributions owed.

2. Plaintiffs have just recently learned that Crane Rental has an allowed unsecured claim as a general creditor of Baldwin Crane & Equipment Corporation Ltd., Inc. ("Baldwin Crane") in Baldwin Crane's Chapter 11 bankruptcy. See In re Baldwin Crane & Equipment Corporation, No. 03-18303 (Bankr. D. Mass. filed Oct. 3, 2003).

3.      Under Baldwin Crane's Third Amended Plan of Reorganization, which has been confirmed by the Bankruptcy Court, holders of such unsecured claims are entitled to "a dividend of approximately 60% of the sums as filed or scheduled." Upon information and belief, Crane Rental is to receive three monthly installments totaling $67,000.00 under the terms of Baldwin Crane's confirmed reorganization plan. See Affidavit of James Bucci ("Bucci Aff."), attached to the Plaintiffs' Memorandum in Support of Motion for Preliminary Injunction, par. 11.

4.      Further, pursuant to 11 U.S.C. §362(c) and the explicit language of the Order Confirming Modified Third Amended Plan of Reorganization Dated April 1, 2005, the automatic stay in Baldwin Crane's bankruptcy terminated upon the Effective Date of Confirmation, or May 1, 2005.

5.      As such, Plaintiffs wish to add Baldwin Crane as a reach-and-apply defendant in the above-captioned matter so that the Court will enjoin Baldwin Crane and its agents, servants, employees, attorneys, and upon those persons in active participation or concert with it and those persons acting at its command who receive actual notices of a Preliminary Injunction order by personal service or otherwise, and each and every one of them, from secreting, concealing, destroying, damaging, selling, transferring, pledging, encumbering, assigning, or in any way or manner disposing of or reducing the value of, or making any payment to defendant Crane Rental on account of sums that are due or will hereafter become due Crane Rental from Baldwin Crane under the terms of the confirmed plan of reorganization in Baldwin Crane's Chapter 11 bankruptcy.

6.      Plaintiffs further wish to add Baldwin Crane as a reach-and-apply defendant so that the Court will order that all amounts owed to Crane Rental under the terms of Baldwin

2

Crane's plan of reorganization instead be paid by Baldwin Crane directly to the Funds, in partial satisfaction of Crane Rental's fringe benefit contribution delinquency.

7.  According to the Federal Rules of Civil Procedure, after a responsive pleading is served, a party may amend its pleading "only by leave of court or by written consent of the party; <u>and leave shall be freely given when justice so requires</u>" (emphasis added). Fed. R. Civ. P. 15(a). According to the Supreme Court, "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962). No such reason is present here, and accordingly, the leave sought should be freely given.

8.  For the Court's convenience, a true and accurate copy of the Amended Complaint, along with the Plaintiffs' Motion for Preliminary Injunction to add the reach-and-apply defendant and supporting documents, which are to be filed concurrently with the Amended Complaint, are attached hereto as Exhibits A and B, respectively.

WHEREFORE, Plaintiffs respectfully request that leave be granted to file an amended complaint naming Baldwin Crane & Equipment Corporation Ltd., Inc. as a reach-and-apply defendant in this action.

    Respectfully submitted,

    LOUIS G. RASETTA and JOHN J.
    SHAUGHNESSY, as they are TRUSTEES,
    INTERNATIONAL UNION OF
    OPERATING ENGINEERS LOCAL 4
    HEALTH AND WELFARE FUND, et al,

    By their attorneys,

/s/ Gregory A. Geiman
Anne R. Sills, Esquire
BBO #546576
Gregory A. Geiman, Esquire
BBO #655207
Segal, Roitman & Coleman
11 Beacon Street
Suite #500
Boston, MA  02108
(617) 742-0208

Dated:  May 12, 2005

### LOCAL RULE 7.1(A)(2) CERTIFICATION

Counsel hereby certifies, in accordance with Rule 7.1(A)(2), that prior to filing Plaintiffs' Motion for Leave to File an Amended Complaint in this matter he and his colleague Anne R. Sills attempted to narrow the issues in dispute by placing telephone calls to Baldwin Crane's attorney Nina Parker of Parker & Associates and Crane Rental's attorney Michael Feinman of Feinman & Associates but that responses were not received before the filing of this motion.

/s/ Gregory A. Geiman
Gregory A. Geiman, Esquire

### CERTIFICATE OF SERVICE

This is to certify that a copy of the above Plaintiffs' Motion for Leave to File an Amended Complaint has been served by first class mail upon the Defendant's attorney Michael B. Feinman at Feinman Law Offices, 23 Main Street, Andover, MA  01810 and upon the Reach-and-Apply Defendant's attorney Nina M. Parker at Parker & Associates, 10 Converse Place, Winchester, MA  01890 this 12th day of May, 2005.

/s/ Gregory A. Geiman
Gregory A. Geiman, Esquire

GAG/gag&ts
ARS 3118 04-514/motleave-amendcomplt.doc

4