UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LOUIS G. RASETTA and JOHN J. SHAUGHNESSY, as they are TRUSTEES, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 4 HEALTH AND WELFARE, PENSION AND ANNUITY FUNDS, and LOUIS G. RASETTA and CHRISTOPHER BARLETTA, as they are TRUSTEES, HOISTING AND PORTABLE ENGINEERS LOCAL 4 APPRENTICE AND TRAINING FUNDS and the INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 4, NG
               Plaintiffs

vs.

CRANE RENTAL CO., INC.,
               Defendant

and

BALDWIN CRANE & EQUIPMENT CORPORATION LTD., INC.,
               Reach-and-Apply Defendant

and

BANKNORTH N.A.,
               Trustee

C.A. No. 05-10071

**AMENDED COMPLAINT**

    1.    This is an action brought pursuant to §§502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132(a)(3) and (d)(1) and 1145 and §301 of the Labor Management Relations Act, 29 U.S.C. §185 by employee benefit plans and a labor union to enforce the obligations to make contributions and pay interest due to such plans due under the terms of a collective bargaining agreement and the plans.

**JURISDICTION**

2.     The Court has exclusive jurisdiction of this action pursuant to §502(a), (e) and (f) of ERISA, 29 U.S.C. §§1132(a), (e) and (f), without respect to the amount in controversy or the citizenship of the parties.

**PARTIES**

3.     Plaintiffs Louis G. Rasetta and John J. Shaughnessy are Trustees of the International Union of Operating Engineers Local 4 Health and Welfare Fund. The International Union of Operating Engineers Local 4 Health and Welfare Fund is an "employee welfare benefit plan" within the meaning of §3(3) of ERISA, 29 U.S.C. §1002(3). The Fund is administered at 177 Bedford Street, Lexington, Massachusetts, within this judicial district.

4.     Plaintiffs Louis G. Rasetta and John J. Shaughnessy are Trustees of the International Union of Operating Engineers Local 4 Pension Fund. The International Union of Operating Engineers Local 4 Pension Fund is an "employee pension benefit plan" within the meaning of §3(2) of ERISA, 29 U.S.C. §1002(2)(A). The Fund is administered at 177 Bedford Street, Lexington, Massachusetts, within this judicial district.

5.     Plaintiffs Louis G. Rasetta and John J. Shaughnessy are Trustees of the International Union of Operating Engineers Local 4 Annuity Fund. The International Union of Operating Engineers Local 4 Annuity Fund is an "employee pension benefit plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A). The Fund is administered at 177 Bedford Street, Lexington, Massachusetts, within this judicial district.

6.     Plaintiffs Louis G. Rasetta and Christopher Barletta are Trustees of the Hoisting and Portable Engineers Local 4 Apprenticeship and Training Fund. The Hoisting and Portable Engineers Local 4 Apprenticeship and Training Fund is an "employee welfare benefit plan"

within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1). The Fund is administered at One Engineers Way, Canton, Massachusetts, within this judicial district.

7. The Health and Welfare, Pension, Annuity, Apprenticeship and Training Funds are multi-employer plans within the meaning of §3(37) of ERISA, 29 U.S.C. §1002(37). They are hereinafter collectively referred to as "the Funds."

8. The International Union of Operating Engineers Local 4 is a labor organization within the meaning of §301 of the LMRA, 29 U.S. C. §185. The Union is administered at 53 Trotter Drive, Medway, Massachusetts, within this judicial district.

9. Defendant Crane Rental Co., Inc. (hereinafter "Crane" or "the Employer") is a Massachusetts corporation with a principal place of business at 205 Main Street, Tewksbury, Massachusetts, and is an employer engaged in commerce within the meaning of §3(5) and (12) of ERISA, 29 U.S.C. §1002(5) and (12).

10. Reach-and-apply defendant Baldwin Crane & Equipment Corporation LTD., Inc. (hereinafter "Baldwin Crane") is a Massachusetts corporation with a principal place of business at 232 Andover Street, Wilmington, Massachusetts, and is a company that has filed a confirmed plan of reorganization in Chapter 11 bankruptcy proceedings in the United States Bankruptcy Court for the District of Massachusetts. See In re Baldwin Crane & Equipment Corporation, No. 03-18303 (Bankr. D. Mass. filed Oct. 3, 2003). Upon information and belief, Baldwin Crane is to pay $67,000.00 to creditor Crane Rental under the terms of its approved plan of reorganization. The Funds have a legal or equitable interest in any payments due Crane Rental from Baldwin Crane under the terms of the confirmed plan of reorganization.

11. On information and belief, BankNorth N.A. is a banking institution holding assets of the defendant.

**GENERAL ALLEGATIONS OF FACT**

12. On or about August 19, 1987, defendant Crane agreed in writing to be bound to the terms of a collective bargaining agreement with the International Union of Operating Engineers Local 4, effective from October, 2002 through May, 2004 ("the Agreement") and to any successor agreements. A copy of Crane's signed agreement ("Agreement") is attached hereto as Exhibit 1.

13. The Agreement requires Crane to make contributions to Plaintiff Funds and to the Social Action Committee, in amounts set forth in the Agreement, for each payroll hour and proportionately for each part of such an hour for each person covered by the Agreement and employed on construction projects on which the Company is engaged.

14. Pursuant to the Agreement, Crane is also obligated to deduct and remit a negotiated percentage of the gross wage package, before taxes, for union dues.

**COUNT I - VIOLATION OF ERISA -
DELINQUENT CONTRIBUTIONS AND INTEREST**

15. Plaintiffs incorporate by reference each and every allegation set forth in paragraphs 1-14 supra.

16. On or about March 3, 2004 Crane entered into a payment schedule with the Funds to pay the $153,627.69 in contributions and interest that it owed the Funds for the period January through December, 2003 but had failed to pay. According to the schedule, Crane was obligated to pay $1,815.00 per week in addition to all new contributions as they came due.

17. Crane made some but not all payments required by the payment agreement and still owes the Funds $79,091.96 in contributions and interest as a result. In addition, Crane is delinquent for the months of February and August through November, 2004 and owes the Funds an additional $127,635.23 in contributions plus $6,325.81 in interest as a result.

4

18. By certified letter dated December 22, 2004 the Funds, by their counsel, sought payment of these delinquent contributions and interest.

19. To date, Crane has failed to pay the Funds the contributions and interest that remain due and owing.

20. The failure of Crane to make contributions on behalf of all covered employees as required by the terms of the Funds and the collective bargaining agreements violates §515 of ERISA, 29 U.S.C. §1145.

21. Absent an order from this Court, the defendant will continue to refuse to pay the monies it owes to the Funds, as determined at the audit, and the Funds and their participants will be irreparably damaged.

22. A copy of this Complaint is being served upon the Secretary of Labor and the Secretary of the Treasury by certified mail as required by §502(h) of ERISA, 29 U.S.C. §1132(h).

### COUNT II - VIOLATION OF LMRA
### DUES AND SAC

23. Plaintiffs incorporate by reference each and every allegation set forth in paragraphs 1-21 supra.

24. According to its remittance reports, Crane deducted dues from its employees' paychecks during the period February, 2004 and August through November, 2004 and failed to remit them to the Union. As a result, it owes the Union $5,690.65 in dues for this period.

25. Crane is also obligated under its collective bargaining agreement to make contributions to the SAC Fund. According to its remittance reports, it owes the Union $412.94 in SAC contributions for the periods February, 2004 and August through November, 2004.

26. The failure of Crane to remit the dues it deducted from its employees' wages and to contribute to the SAC Fund as required by the terms of the collective bargaining agreement violates §301 of the Labor Management Relations Act, 29 U.S.C. §185.

### COUNT IV - REACH-AND-APPLY AGAINST
### BALDWIN CRANE & EQUIPMENT CORPORATION LTD., INC.

27. Plaintiffs incorporate by reference each and every allegation set forth in paragraphs 1-26 supra.

28. Upon information and belief, Baldwin Crane is to pay $67,000.00 to creditor Crane Rental under the terms of its confirmed plan of reorganization in its Chapter 11 bankruptcy proceedings in the United States Bankruptcy Court for the District of Massachusetts. The Funds have a legal or equitable interest in any payments due Crane Rental from Baldwin Crane under the terms of the confirmed plan of reorganization.

29. Further, there is no known insurance available to satisfy the judgment the Funds will obtain against Crane Rental in the above-captioned litigation.

30. The funds held by Baldwin Crane to be disbursed to Crane Rental under the terms of Baldwin Crane's plan of reorganization cannot be attached or taken on execution except pursuant to G.L. c. 214, §3(6).

### RELIEF REQUESTED

WHEREFORE, Plaintiff Funds requests this Court to grant the following relief:

a. Order the attachment of the machinery, inventory and accounts receivable of defendant Crane;

b. Enter a preliminary and permanent injunction enjoining Crane from refusing or failing to make contributions and pay interest to Plaintiff Funds and to remit dues and SAC contributions to Plaintiff Union;

      c.      Enter judgment on Count I in favor of the Plaintiff Funds in the amount of $206,727.19 in delinquent contributions plus any additional amounts determined by the Court to be owed by Crane or which may become due during the pendency of this action, together with interest on the unpaid contributions at the rate prescribed under §6621 of the Internal Revenue Code, liquidated damages in an amount equal to 20 percent of the total of unpaid contributions or the total interest owed, whichever is greater, reasonable attorneys' fees, and costs, all pursuant to 29 U.S.C. §1132(g)(2);

      d.      Enter judgment on Count II in favor of the Plaintiff Union in the amount of $5,690.65 in dues and $412.94 in SAC contributions;

      e.      Enter a preliminary injunction against Baldwin Crane and its agents, servants, employees, attorneys, and upon those persons in active participation or concert with it and those persons acting at its command who receive actual notices of this order by personal service or otherwise, and each and every one of them, from secreting, concealing, destroying, damaging, selling, transferring, pledging, encumbering, assigning, or in any way or manner disposing of or reducing the value of, or making any payment to Crane Rental on account of sums that are due or will hereafter become due Crane Rental from Baldwin Crane under the terms of Baldwin Crane's confirmed plan of reorganization in its Chapter 11 bankruptcy; and

  f. Such further and other relief as this Court deems appropriate.

                Respectfully submitted,

                LOUIS G. RASETTA and JOHN J. SHAUGHNESSY, as they are TRUSTEES, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 4 HEALTH AND WELFARE FUND, et al,

                By their attorneys,

                /s/ Gregory A. Geiman
                Anne R. Sills, Esquire
                BBO #546576
                Gregory A. Geiman, Esquire
                BBO #655207
                Segal, Roitman & Coleman
                11 Beacon Street
                Suite #500
                Boston, MA  02108
                (617) 742-0208

Dated:  May 12, 2005

GAG/gag&ts
ARS 3118 04-514/complt-amend.doc

AGREEMENT COVERING WAGES, WORKING RULES AND OTHER CONDITIONS OF EMPLOYMENT ENTERED INTO BETWEEN:

SEP 1 4 1966
EXEC. BD. REC.

_Crane Rental Co. Inc,_
_205 Main St._
(Street)

_Tewksbury, Mass._
(City)

SEP 2 1 1966
BODY ACCEPTS

and Hoisting and Portable Engineers, Local No. 4 and its Branches of the International Union of Operating Engineers.

1. The Union is recognized as the sole and exclusive agency and representative of the Employees covered by this Agreement for the purpose of collective bargaining with respect to wages, hours of work, and other conditions of employment, and for the purpose also of other mutual aid and protection. The Employer shall not make any agreement in conflict with the provisions of this Agreement.

2. The Employer hereby adopts and agrees to the collective bargaining Agreements and the Health and Welfare, Pension Plan and Apprentice Training Trust Agreements now prevailing or as they shall prevail by and between Local No. 4 and three Employer Associations hereinafter named for the performance of work and services and rights to Health and Welfare, Pension benefits and Apprentice Training in the various construction operations such Agreements severally apply to.

   The Associations are:

   Massachusetts Labor Relations Division of New England Road Builders Association.

   The Building Trades Employers' Association of the City of Boston and Eastern Massachusetts

   New England Marine Chapter of the Associated General Contractors of America

3. The Signatory Employer agrees that as to all work in the craft and territorial jurisdiction of Local No. 4, the provisions of such aforementioned agreements as they do and shall provide for wages, hours of work, holidays, Health and Welfare, Pension benefits, Apprentice Training, manning of operations and other conditions of employment shall apply and will be adhered to.

4. The Employer agrees as to all work and/or contracts assigned, sublet, or sub-contracted out to others, the Employer will contract only with contractors who have or shall have written agreements with the Union.

5. The Union agrees to comply with all Union obligations contained in the aforementioned collective bargaining Agreements.

6. The life of this Agreement is co-extensive with the several respective terms set out or as they shall be set out from time to time in the aforementioned collective bargaining Agreements with the named Associations, and shall continue in effect in each or any particular said contract instance unless the Employer gives the Union notice of desired change or termination of a particular collective bargaining Agreement aforementioned in keeping with applicable notice provisions contained therein. The Employer acknowledge and agrees to the continuity of Employer obligations on his part with respect to Health and Welfare, Pension, and Apprentice Training trusts contained in said aforementioned collective bargaining Agreements pending negotiations of any new agreement by and between the Union and the aforementioned Associations and/or between the Employer and the Union.

Witness our hands and seals this _21st_ day of _September_ 19 _66_.

FOR THE EMPLOYER

_William M. Clay Jr. Pres._

FOR THE UNION

_Ross Roberts_
President

_Andrew A. McNulty_
Recording Secretary

_Walter J. Ryan_
Business Manager

COPY

AGREEMENT covering wages, working rules, and other conditions of employment entered into between _CRANE RENTAL CO., INC._ and International Union of Operating Engineers Local 4 and its Branches.

1. The Local is recognized as the sole and exclusive representative of the Employees covered by this Agreement for the purpose of collective bargaining with respect to wages, hours of work, and other conditions of employment. The Employer shall not make any agreement in conflict with the provisions of this Agreement.

2. The Employer hereby adopts and agrees to abide by all of the terms and conditions of the collective bargaining agreements now prevailing or as they shall prevail by and between Local 4 and the four Employer Associations hereinafter named.

The Associations are:
   Labor Relations Division of Construction Industries of Mass.
   Associated General Contractors of Massachusetts, Inc.
   Building Trades Employers Association of Boston and Eastern Mass.
   Foundation & Marine Contractors Association of New England, Inc.

3. The Local agrees to comply with all union obligations contained in the aforementioned collective bargaining agreements.

4. The collective bargaining agreements between the Employer Associations and the Local provides, among other things, for contributions to Health and Welfare Funds, Pension Funds, Apprentice and Training Funds, and the Employer agrees to be bound by the terms of the respective Agreements and Declarations of Trust and designates as its representatives on the Boards of Trustees such Trustees as have been designated Employer Trustees in the manner provided in Agreements and Declarations of Trust.

5. This Agreement shall be binding upon the Employer named herein, and its successors and assigns, and no provisions herein contained shall be nullified or affected in any manner as a result of any consolidation, sale, transfer, assignment, joint venture, or any combination or other disposition of the Employer.

6. The life of this Agreement is co-extensive with the several respective terms set out or as they shall be set out from time to time in the aforementioned collective bargaining agreements with the named Associations, and shall continue in effect in each or any particular said contract instance, unless the Employer gives the Local notice of desired change or termination of a particular collective bargaining agreement aforementioned in keeping with the applicable notice provisions contained therein. The Employer acknowledges and agrees to the continuity of Employer obligations on his part with respect to Health and Welfare, Pension, and Apprentice Training trusts contained in said aforementioned collective bargaining agreements pending negotiations of any new agreement by and between the Local and the aforementioned Associations and and/or between the Employer and the Local.

WITNESS OUR HANDS AND SEALS THIS _____ DAY OF _____

| FOR THE EMPLOYER | FOR THE LOCAL |
|---|---|
| CRANE RENTAL CO., INC. | _Charles DeRosa_ |
| Company | Business Manager |
| P O Box 66 | _James T. Griffin_ |
| Address | President |
|  | _Alice H. Morrell_ |
| Tewksbury, MA 01876 | Recording Secretary |
| City    State    ZIP |  |
| _Paul Finlayson_   Pres. | BODY ACCEPTS |
| By              Title | 8/19/87 |
|  | EXEC BD REC |
|  | 8/5/87 |

COPY