UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LOUIS G. RASETTA and JOHN J. SHAUGHNESSY, as they are TRUSTEES, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 4 HEALTH AND WELFARE, PENSION AND ANNUITY FUNDS, and LOUIS G. RASETTA and CHRISTOPHER BARLETTA, as they are TRUSTEES, HOISTING AND PORTABLE ENGINEERS LOCAL 4 APPRENTICE AND TRAINING FUNDS and the INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 4, <br>                       Plaintiffs <br><br> vs. <br><br> CRANE RENTAL CO., INC., <br>                       Defendant <br><br> and <br><br> BALDWIN CRANE & EQUIPMENT CORPORATION LTD., INC., <br>                       Reach-and-Apply Defendant <br><br> and <br><br> BANKNORTH N.A., <br>                       Trustee | C.A. No. 05-10071 |

## PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

Upon the Complaint and Exhibits attached thereto, the Affidavit and Memorandum in support of their Motion for Preliminary Injunction, the Plaintiff Trustees, pursuant to §502(a)(3) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1132(a)(3), and Rule 65(a), Federal Rules of Civil Procedure, respectfully request this Court to enter a Preliminary Injunction enjoining reach-and-apply defendant Baldwin Crane & Equipment Corporation LTD.,

Inc. ("Baldwin Crane"), and its agents, servants, employees, attorneys, and upon those persons in active participation or concert with it and those persons acting at its command who receive actual notices of a Preliminary Injunction order by personal service or otherwise, and each and every one of them, from secreting, concealing, destroying, damaging, selling, transferring, pledging, encumbering, assigning, or in any way or manner disposing of or reducing the value of, or making any payment to defendant Crane Rental Co., Inc. ("Crane Rental") on account of sums that are due or will hereafter become due Crane Rental from Baldwin Crane under the terms of an approved plan of reorganization in Baldwin Crane's Chapter 11 bankruptcy.  See In re Baldwin Crane & Equipment Corporation, No. 03-18303 (Bankr. D. Mass. filed Oct. 3, 2003). Moreover, Plaintiffs respectfully request that this honorable Court order that all amounts owed to Crane Rental under the terms of Baldwin Crane's plan of reorganization instead be paid by Baldwin Crane directly to the Funds, in partial satisfaction of Crane Rental's fringe benefit contribution delinquency.

      As grounds therefore, plaintiffs state as follows:

1)    Based on the foregoing Complaint, Exhibits and Affidavit, plaintiffs have exhibited a likelihood of success on the merits;

2)    The reach-and-apply defendant's secreting, concealing, destroying, damaging, selling, transferring, pledging, encumbering, assigning, or in any way or manner disposing of or reducing the value of, or making any payment to defendant Crane Rental on account of sums that are due or will hereafter become due Crane Rental from Baldwin Crane under the terms of Baldwin Crane's confirmed plan of reorganization in its Chapter 11 bankruptcy proceedings will result in irreparable injury, loss and damage to the plaintiffs;

3)    The issuance of a preliminary injunction herein will not cause undue inconvenience or loss to the reach-and-apply defendant but will prevent irreparable injury to the plaintiffs, and would further the public interest;

4)    There is no adequate remedy at law;

5)       There is no known insurance available to satisfy the judgment the plaintiffs will obtain against defendant Crane Rental; and

6)       The funds held by Baldwin Crane and to be disbursed under its plan of reorganization cannot be attached or taken on execution except pursuant to G.L. c. 214, §3(6).

WHEREFORE, plaintiffs move this Court to grant a preliminary injunction compelling the reach-and-apply defendant and its agents, servants, employees, attorneys, and upon those persons in active participation or concert with it and those persons acting at its command who receive actual notices of a Preliminary Injunction order by personal service or otherwise, and each and every one of them, to refrain from secreting, concealing, destroying, damaging, selling, transferring, pledging, encumbering, assigning, or in any way or manner disposing of or reducing the value of, or making any payment to defendant Crane Rental on account of sums that are due or will hereafter become due Crane Rental from Baldwin Crane under the terms of its confirmed plan of reorganization in its Chapter 11 bankruptcy. Moreover, Plaintiffs respectfully request that this honorable Court order that all amounts owed to Crane Rental under the terms of Baldwin Crane's plan of reorganization instead be paid by Baldwin Crane directly to the Funds, in partial satisfaction of Crane Rental's fringe benefit contribution delinquency. Plaintiffs further request that they be excused from posting a bond.

          Respectfully submitted,

          LOUIS G. RASETTA and JOHN J. SHAUGHNESSY, as they are TRUSTEES, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 4 HEALTH AND WELFARE FUND, et al,

          By their attorneys,

          /s/ Gregory A. Geiman
          Anne R. Sills, Esquire

BBO #546576<br>
Gregory A. Geiman, Esquire<br>
BBO #655207<br>
Segal, Roitman & Coleman<br>
11 Beacon Street<br>
Suite #500<br>
Boston, MA  02108<br>
(617) 742-0208

Dated:  May 12, 2005

## LOCAL RULE 7.1(A)(2) CERTIFICATION

Counsel hereby certifies, in accordance with Rule 7.1(A)(2), that prior to filing Plaintiffs' Motion for Preliminary Injunction in this matter he and his colleague Anne R. Sills attempted to narrow the issues in dispute by placing telephone calls to Baldwin Crane's attorney Nina Parker of Parker & Associates and Crane Rental's attorney Michael Feinman of Feinman & Associates but that responses were not received before the filing of this motion.

/s/ Gregory A. Geiman<br>
Gregory A. Geiman, Esquire

## CERTIFICATE OF SERVICE

This is to certify that a copy of the above Plaintiffs' Motion for Preliminary Injunction has been served by first class mail upon the Defendant's attorney Michael B. Feinman at Feinman Law Offices, 23 Main Street, Andover, MA  01810 and upon the Reach-and-Apply Defendant's attorney Nina M. Parker at Parker & Associates, 10 Converse Place, Winchester, MA  01890 this 12th day of May, 2005.

/s/ Gregory A. Geiman<br>
Gregory A. Geiman, Esquire

GAG/gag&ts
ARS 3118 04-514/motpreinj.doc

4