UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LOUIS G. RASETTA and JOHN J. SHAUGHNESSY, as they are TRUSTEES, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 4 HEALTH AND WELFARE, PENSION AND ANNUITY FUNDS, and LOUIS G. RASETTA and CHRISTOPHER BARLETTA, as they are TRUSTEES, HOISTING AND PORTABLE ENGINEERS LOCAL 4 APPRENTICE AND TRAINING FUNDS and the INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 4,
  Plaintiffs

vs.

CRANE RENTAL CO., INC.,
  Defendant

and

BALDWIN CRANE & EQUIPMENT CORPORATION LTD., INC.,
  Reach and Apply Defendant

and

BANKNORTH N.A.,
  Trustee.

C.A. No. 05-10071 NG

## AFFIDAVIT OF JAMES BUCCI

1. My name is James Bucci. I am the Field Agent for the International Union of Operating Engineers Employee Benefit Funds ("Funds"). In my capacity as Field Agent, I audit the books and records of, and collect fringe benefit contributions owed by, contractors that are signatory to collective bargaining agreements with the International Union of Operating Engineers Local 4 ("Union").

2.   On or about August 19, 1987, defendant Crane Rental Co., Inc. ("Crane") agreed in writing to be bound to the terms of a collective bargaining agreement with the International Union of Operating Engineers Local 4, effective from October, 2002 through May, 2004 ("the Agreement") and to any successor agreements.

3.   The Agreement requires Crane to make contributions to Plaintiff Funds and to the Social Action Committee ("SAC"), in amounts set forth in the Agreement, for each payroll hour and proportionately for each part of such an hour for each person covered by the Agreement and employed on construction projects on which the Company is engaged. Pursuant to the Agreement, Crane is also obligated to deduct and remit a negotiated percentage of the gross wage package, before taxes, for union dues.

4.   On or about March 3, 2004, Crane entered into a payment schedule with the Funds to pay the $153,627.69 in contributions and interest that it owed the Funds for the period January through December, 2003 but had failed to pay. According to the schedule, Crane was obligated to pay $1,815.00 per week in addition to all new contributions as they came due.

5.   Crane made some of the payments required by the payment agreement but still owes the Funds $79,091.96 in contributions for the period January through December, 2003.

6.   In addition, Crane became delinquent for the months of February and August through November, 2004 and owes the Funds an additional $127,635.23 in contributions as a result.

7.   The Funds' attorney sent Crane a certified letter dated December 22, 2004 that sought payment of these delinquent contributions and interest. Further, the Funds sent letters dated December 28, 2004 and January 10, 2005 notifying Crane of its delinquency.

8. To date, Crane has failed to pay the Funds the contributions and interest that remain due and owing.

9. According to its remittance reports, Crane deducted dues from its employees' paychecks during the period February, 2004 and August through November, 2004 and failed to remit them to the Union. As a result, it owes the Union $5,690.65 in dues for this period.

10. Crane is also obligated under the Agreement to make contributions to the SAC Fund. According to its remittance reports, it owes the Union $412.94 in SAC contributions for the periods February, 2004 and August through November, 2004.

11. Upon information and belief, Crane Rental is to receive three monthly installments totaling $67,000.00 under the terms of Baldwin Crane's Chapter 11 bankruptcy reorganization.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 12th DAY OF MAY, 2005.

_____
James Bucci

### CERTIFICATE OF SERVICE

This is to certify that a copy of the above Affidavit has been served by first class mail upon the Defendant's attorney Michael B. Feinman at Feinman Law Offices, 23 Main Street, Andover, MA 01810 and upon the Reach-and-Apply Defendant's attorney Nina M. Parker, at Parker & Associates, 10 Converse Place, Winchester, MA 01890 this 12th day of May, 2005.

_____
Gregory A. Geiman, Esquire

GAG/gag&s
3118 04-514/affbucci3.doc