UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LOUIS G. RASETTA and JOHN J. SHAUGHNESSY, as they are TRUSTEES, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 4 HEALTH AND WELFARE, PENSION AND ANNUITY FUNDS, and LOUIS G. RASETTA and CHRISTOPHER BARLETTA, as they are TRUSTEES, HOISTING AND PORTABLE ENGINEERS LOCAL 4 APPRENTICE AND TRAINING FUNDS and the INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 4,
Plaintiffs

vs.

CRANE RENTAL CO., INC.,
Defendant

and

BALDWIN CRANE & EQUIPMENT CORPORATION LTD., INC.,
Reach and Apply Defendant

and

BANKNORTH N.A.,
Trustee.

C.A. No. 05-10071 NG

## ORDER FOR PRELIMINARY INJUNCTION

This matter, having come before me on the Plaintiffs' Motion for Preliminary Injunction, and upon consideration of the motion, memorandum of law, and affidavit on file, I find that:

1) Plaintiffs have exhibited a likelihood of success on the merits;

2) The reach-and-apply defendant's secreting, concealing, destroying, damaging, selling, transferring, pledging, encumbering, assigning, or in any way or manner disposing of or reducing the value of, or making any payment to defendant Crane Rental Co., Inc. on account of sums that are due or will hereafter become due Crane Rental Co., Inc. from Baldwin

    Crane & Equipment Corporation Ltd., Inc. under the terms of Baldwin Crane & Equipment Corporation Ltd., Inc.'s confirmed plan of reorganization in its Chapter 11 bankruptcy proceedings will result in irreparable injury, loss and damage to the plaintiffs;

3) The issuance of a preliminary injunction herein will not cause undue inconvenience or loss to the reach-and-apply defendant but will prevent irreparable injury to the plaintiffs, and would further the public interest;

4) There is no adequate remedy at law;

5) There is no known insurance available to satisfy the judgment the plaintiffs will obtain against defendant Crane Rental Co., Inc.; and

6) The funds held by Baldwin Crane & Equipment Corporation Ltd., Inc. and to be disbursed under its plan of reorganization cannot be attached or taken on execution except pursuant to G.L. c. 214, §3(6).

WHEREFORE, it is hereby ORDERED that:

Plaintiffs shall be granted a preliminary injunction and the reach-and-apply defendant and its agents, servants, employees, attorneys, and those persons in active participation or concert with it and those persons acting at its command who receive actual notices of this Preliminary Injunction order by personal service or otherwise, and each and every one of them, shall refrain from secreting, concealing, destroying, damaging, selling, transferring, pledging, encumbering, assigning, or in any way or manner disposing of or reducing the value of, or making any payment to defendant Crane Rental Co., Inc. on account of sums that are due or will hereafter become due Crane Rental Co., Inc. from Baldwin Crane & Equipment Corporation Ltd., Inc. under the terms of its confirmed plan of reorganization in its Chapter 11 bankruptcy proceedings. Moreover, all amounts owed to Crane Rental Co., Inc. under the terms of Baldwin Crane & Equipment Corporation Ltd., Inc.'s plan of reorganization shall instead be paid by Baldwin Crane directly to

the Funds, in partial satisfaction of Crane Rental's fringe benefit contribution delinquency.

SO ORDERED.

_____
The Honorable Nancy Gertner
United States District Court

Dated:_____

GAG/gag&ts
ARS 3118 04-514/order-pj.doc

3