UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LOUIS G. RASETTA and JOHN J. SHAUGHNESSY, as they are TRUSTEES, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 4 HEALTH AND WELFARE, PENSION AND ANNUITY FUNDS, and LOUIS G. RASETTA and CHRISTOPHER BARLETTA, as they are TRUSTEES, HOISTING AND PORTABLE ENGINEERS LOCAL 4 APPRENTICE AND TRAINING FUNDS and the INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 4, NG                      Plaintiffs<br><br>vs.<br><br>CRANE RENTAL CO., INC.,<br>            Defendant<br><br>and<br><br>BANKNORTH N.A.,<br>            Trustee | C.A. No. 05-10071 |

**PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER
(WITH NOTICE)**

Upon the Complaint and Exhibits attached thereto, the Affidavit and Memorandum in support of their Motion for Temporary Restraining Order, the Plaintiff Trustees, pursuant to §502(a)(3) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1132(a)(3), and Rule 65(b), Federal Rules of Civil Procedure, seek a Temporary Restraining Order enjoining Defendant Crane Rental Co., Inc. ("Crane Rental") from conveying any proceeds that have been received by it to date under the terms of a confirmed plan of reorganization in the Chapter 11 bankruptcy of Baldwin Crane & Equipment Corporation Ltd., Inc. ("Baldwin Crane"). This plan

of reorganization was confirmed by the Bankruptcy Court on May 1, 2005.  See <u>In re Baldwin Crane & Equipment Corporation</u>, No. 03-18303 (Bankr. D. Mass. filed Oct. 3, 2003).

Plaintiffs respectfully request that this honorable Court enjoin Crane Rental and its agents, servants, employees, attorneys, and those persons in active participation or concert with it and those persons acting at its command, and each and every one of them, from secreting, concealing, destroying, damaging, selling, transferring, pledging, encumbering, assigning, or in any way or manner disposing of or reducing the value of sums that have been received from Baldwin Crane under the terms of the confirmed plan of reorganization in Baldwin Crane's Chapter 11 bankruptcy until such time as this Court has had the opportunity to hear a Motion for Preliminary Injunction in this action.  Plaintiffs also seek an Order commanding Crane Rental to inform Plaintiffs as to the whereabouts of any payments that have been received from Baldwin Crane under the terms of Baldwin Crane's Chapter 11 bankruptcy.

It should further be noted that Crane Rental's counsel has represented to Funds' counsel that Crane Rental will be filing for Chapter 11 bankruptcy on Monday, May 16, 2005.  Therefore,  Plaintiffs also seek an Order commanding that any payments received by Crane Rental from Baldwin Crane pursuant to Baldwin Crane's confirmed plan of reorganization not be transferred should Crane Rental file for bankruptcy.

As grounds therefore, Plaintiffs state as follows:

1) Based on the foregoing Complaint, Exhibits and Affidavit, Plaintiffs have exhibited a likelihood of success on the merits;

2) The Defendant's secreting, concealing, destroying, damaging, selling, transferring, pledging, encumbering, assigning, or in any way or manner disposing of or reducing the value of sums that have been received from Baldwin Crane under the terms of Baldwin Crane's confirmed plan of reorganization in its Chapter 11 bankruptcy proceedings will result in irreparable injury, loss and damage to the Plaintiffs;

2

3)       The issuance of a preliminary injunction herein will not cause undue inconvenience or loss to the Defendant but will prevent irreparable injury to the Plaintiffs, and would further the public interest; and

4)       There is no adequate remedy at law.

WHEREFORE, Plaintiffs move this Court to grant a temporary restraining order enjoining Defendant Crane Rental and its agents, servants, employees, attorneys, and those persons in active participation or concert with it and those persons acting at its command, and each and every one of them, from secreting, concealing, destroying, damaging, selling, transferring, pledging, encumbering, assigning, or in any way or manner disposing of or reducing the value of sums that have been received from Baldwin Crane under the terms of the confirmed plan of reorganization in Baldwin Crane's Chapter 11 bankruptcy until such time as this Court has had the opportunity to hear a Motion for Preliminary Injunction in this action. Further, Plaintiffs seek an Order commanding Crane Rental to inform Plaintiffs as to the whereabouts of any payments that have been received from Baldwin Crane under the terms of Baldwin Crane's Chapter 11 bankruptcy and an Order commanding that any payments received by Crane Rental from Baldwin Crane pursuant to Baldwin Crane's confirmed plan of reorganization not be transferred should Crane Rental file for bankruptcy.

Plaintiffs further request that they be excused from posting a bond.

                Respectfully submitted,

                LOUIS G. RASETTA and JOHN J. SHAUGHNESSY, as they are TRUSTEES, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 4 HEALTH AND WELFARE FUND, et al,

                By their attorneys,

/s/ Gregory A. Geiman
Anne R. Sills, Esquire
BBO #546576
Gregory A. Geiman, Esquire
BBO #655207
Segal, Roitman & Coleman
11 Beacon Street
Suite #500
Boston, MA  02108
(617) 742-0208

Dated:  May 13, 2005

## LOCAL RULE 7.1(A)(2) CERTIFICATION

Counsel hereby certifies, in accordance with Rule 7.1(A)(2), that prior to filing Plaintiffs' Motion for Temporary Restraining Order (With Notice) in this matter that he spoke with Crane Rental's attorney Michael B. Feinman, Esquire via telephone and the parties were unable to narrow or resolve the issue.  Further, Funds' counsel certifies that Attorney Feinman represented to him that Crane Rental will be filing for Chapter 11 bankruptcy on Monday, May 16, 2005.

/s/ Gregory A. Geiman
Gregory A. Geiman, Esquire

## CERTIFICATE OF SERVICE

This is to certify that a copy of the above Plaintiffs' Motion for Temporary Restraining Order has been served by first class mail upon the Defendant's attorney Michael B. Feinman at Feinman Law Offices, 23 Main Street, Andover, MA this 13th day of May, 2005.

/s/ Gregory A. Geiman
Gregory A. Geiman, Esquire

GAG/gag&ts
ARS 3118 04-514/motion-tro.doc